IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
FARGO DIVISION

| | | |
|---|---|---|
| CLARK EQUIPMENT COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | FILE NO.: _____ |
| FIFTH THIRD BANK; and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

### **VERIFIED COMPLAINT**

COMES NOW Plaintiff CLARK EQUIPMENT COMPANY, and shows as follows in support of its Complaint:

### **PARTIES AND JURISDICTION**

1.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.SC. § 1332 as there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

2.

Plaintiff is a citizen of the State of North Dakota, in that its principal place of business where the majority of its high level officers direct, control, and coordinate the corporation's activities.

3.

Defendant Fifth Third Bank is a citizen of the State of Ohio, in that its principal place of business where the majority of its high level officers direct, control, and coordinate the bank's activities is located in Cincinnati, Ohio.  Pursuant to N.D.C.C. § 28-26-07.1, Plaintiff gives

notice to Defendant Fifth Third Bank that it seeks no monetary relief from Defendant Fifth Third Bank; Plaintiff merely seeks injunctive relief regarding an account at Defendant's bank which does not contain funds belonging to Defendant Fifth Third Bank. Defendant Fifth Third Bank is a party in whose absence complete injunctive relief cannot be afforded. Defendant Fifth Third is a party to this case in order for the Court to issue effective injunctive relief against the holder of a Fifth Third Bank account, in light of Rule 65(d)(2)'s requirement that nonparties to injunctive relief must be co-conspirators.

4.

This Court has personal jurisdiction over the Defendant Fifth Third Bank in that it engages in a substantial, continuous, and systematic course of business in the State of North Dakota, including through operation of automated teller machines and other business in North Dakota.

5.

This Court has personal jurisdiction over Defendant John Doe pursuant to the State of North Dakota's long-arm statute, N.D. R. Civ. P. 4(b)(2), on the grounds that: (1) the tortious acts set forth herein were committed either within North Dakota or without North Dakota, by John Doe and his co-conspirators, causing injury to property within North Dakota; (2) John Doe and his co-conspirators transacted business in North Dakota by fraudulently using a payroll manager for Plaintiff located in North Dakota as his or her agent or instrumentality to arrange for Plaintiff's funds to fraudulently be transferred to Fifth Third Bank account number ******7359 (the "Account").[1]

---

[1] The full account number will be disclosed by separate correspondence to Fifth Third Bank for identification contemporaneously upon service of the Temporary Restraining Order 'sought herein and is available for in camera examination.

6.

Defendant Fifth Third Bank can be served with process through its registered agent, Corporation Service Company, at 1709 N 19th St., Ste. 3, Bismarck, ND 58501-2121.

7.

Defendant John Doe is, upon information and belief, a citizen of a state other than North Dakota, and is believed to be a citizen of the State of Florida. The branch of Fifth Third where the transferee bank is located is in Orlando, Florida. Defendant John Doe is believed to be the named account holder for the Account or a person in control of the Account with signatory and withdrawal authority over the Account. Defendant John Doe's identity is unknown to Plaintiff, but upon information and belief, his or her identity is known to Defendant Fifth Third Bank.

**VENUE**

8.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as the events giving rise to the claim occurred in West Fargo, North Dakota, located within the District of North Dakota, Fargo Division.

9.

Defendant John Doe deceived the human resources director and a payroll manager employee of Plaintiff located in North Dakota to arrange for the transfer of Plaintiff's funds which were intended to pay funds due to a former executive into the Account, which has no connection to the former executive. Upon information and belief, Defendant John Doe targeted this North Dakota payroll employee for a company headquartered in North Dakota for the specific purpose of accomplishing a fraudulent wire transfer.

3

## FACTUAL ALLEGATIONS

10.

On or about April 11, 2019, John Doe, falsely representing himself to be a former executive of Plaintiff owed compensation by Plaintiff, contacted Plaintiff's human resources director, stating, "I have recently changed bank and would like to have direct deposit change to new account. I need your prompt assistance in this regard."

11.

In reliance on the representation of John Doe that he was the former executive, Plaintiff's payroll manager engaged in a series of emails with John Doe for the purpose of transferring funds owed to the former executive to a person whom she believed to be the former executive.

12.

The series of emails culminated in reliance by Plaintiff's payroll manager on the false claims of John Doe that he was the former executive, such that the payroll manager arranged on or about May 30, 2019, to transfer the sum of $231,327.07 to the Account at Fifth Third Bank.

13.

Upon information and belief, Defendant John Doe willfully deceived Plaintiff's payroll manager with the intent to induce Plaintiff to wire funds to the Account, which had no connection to the intended purpose of payment of the former executive of Plaintiff.

14.

At the time of Defendant John Doe's false representations to Plaintiff, he did not believe them to be true.

15.

Defendant John Doe has no contract with Plaintiff.

4

16.

If the funds that were fraudulently transferred into the Account are not returned to Plaintiff, then Defendant John Doe will have been unjustly enriched with benefits to which he is not entitled, in the absence of an express or implied contract.

17.

Upon information and belief, Defendant John Doe destroyed, converted, and wrongfully exercised and is exercising dominion over property belonging to Plaintiff, the funds which Plaintiff transferred to the Account.

18.

Upon information and belief, Defendant John Doe combined with one or more other persons by agreement to inflict a wrong or injury to commit the acts alleged herein by unlawful means, namely the fraud and deceit exercised upon Plaintiff's payroll manager, thereby causing damage to Plaintiff.

19.

Plaintiff has been damaged in the amount of $231,327.07, plus costs and other expenses pursuant to N.D.C.C. § 28-26-01, et seq.

## COUNT I – FRAUD AND DECEIT

20.

Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs of Plaintiff's Complaint as though fully set forth herein.

21.

Defendant John Doe fraudulently and willfully misrepresented himself as a former executive of Plaintiff to Plaintiff's payroll manager, who reasonably relied to the detriment of

5

Plaintiff on these misrepresentations to arrange for transfer of $231,327.07 to Defendant John Doe's Account at Fifth Third Bank.

22.

As the proximate result of Defendant John Doe's fraud and deceit, Plaintiff has been damaged in the amount of $231,327.07, plus costs and other expenses pursuant to N.D.C.C. § 28-26-01, et seq., for which Defendant John Doe is liable to Plaintiff.

## COUNT II – UNJUST ENRICHMENT

23.

Plaintiff incorporates the foregoing Paragraphs of the Complaint by reference as though fully set forth herein.

24.

Defendant John Doe has no contract with Plaintiff.

25.

If the funds that were fraudulently transferred into the Account are not returned to Plaintiff, then Defendant John Doe will have been unjustly enriched with benefits to which he is not entitled, in the absence of an express or implied contract.

26.

As the proximate result of Defendant John Doe's unjust enrichment, Plaintiff has been damaged in the amount of $231,327.07, plus costs and other expenses pursuant to N.D.C.C. § 28-26-01, et seq., for which Defendant John Doe is liable to Plaintiff.

## COUNT III – CONVERSION

27.

Plaintiff incorporates the foregoing Paragraphs of the Complaint by reference as though fully set forth herein.

28.

Upon information and belief, Defendant John Doe destroyed, converted, and wrongfully exercised and is exercising dominion over property belonging to Plaintiff, the funds which Plaintiff transferred to the Account.

29.

As the proximate result of Defendant's conversion of Plaintiff's property, Plaintiff has been damaged in the amount of $231,327.07, plus costs and other expenses pursuant to N.D.C.C. § 28-26-01, et seq., for which Defendant John Doe is liable.

## **COUNT IV – CIVIL CONSPIRACY**

30.

Plaintiff incorporates the foregoing Paragraphs of the Complaint by reference as though fully set forth herein.

31.

Upon information and belief, Defendant John Doe combined with one or more other persons by agreement to inflict a wrong or injury to commit the acts alleged herein by unlawful means, including but not limited to the fraud and deceit exercised upon Plaintiff's payroll manager and dissipation of the funds stolen from Plaintiff, thereby causing damage to Plaintiff.

32.

As the result of Defendant John Doe's participation in a civil conspiracy, Plaintiff has been damaged in the amount of $231,327.07, plus costs and other expenses pursuant to N.D.C.C. § 28-26-01, et seq., for which Defendant John Doe should be liable to Plaintiff.

7

## COUNT V – INJUNCTIVE RELIEF

33.

Plaintiff incorporates the foregoing Paragraphs of the Complaint by reference as though fully set forth herein.

34.

Plaintiff incorporates its requests for injunctive relief set forth in its Motion for a Temporary Restraining Order and Preliminary Injunction, filed herewith.

35.

Plaintiff seeks a permanent affirmative injunction requiring Defendant John Doe and the bank at which the funds in the Account are held, Defendant Fifth Third Bank, to turn over the Plaintiff's funds that were transferred to the Account under false pretenses.

WHEREFORE, Plaintiff CLARK EQUIPMENT COMPANY prays:

(1) That the Court enter an ex parte temporary restraining order enjoining John Doe, the account holder for a bank account number ******7359 (the "Account") and the bank where the account is held, Fifth Third Bank, from distributing, withdrawing or otherwise negotiating funds from the Account until further order of the Court;

(2) That the Court set a hearing for conversion of the temporary restraining order into a preliminary injunction lasting through the earlier of the conclusion of this case or earlier Order of this Court, at which both the account holder of the Account and Fifth Third Bank have an opportunity to be present and show cause why the relief requested in this Motion should not be granted;

(3) That Fifth Third Bank be ordered to send a copy of the temporary restraining order via overnight delivery, return receipt requested, to the last known address for the account holder, John Doe;

(4) That Plaintiff have a permanent injunction requiring turnover to Plaintiff of the funds transferred to the Account under false pretenses;

(5) In the alternative to injunctive relief, that Plaintiff have judgment against Defendant John Doe for money damages for $231,327.07 plus costs and other expenses allowed by law; and

(6) For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 28th day of June 2019.

LARSON · KING, LLP

By:     /s/Anthony J. Novak
        Anthony J. Novak (ID 08105)
        **Attorneys for Plaintiff Clark Equipment**
        **Company**

2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN 55101
Tel: (651) 312-6500
Fax: (651) 312-6618
Email: tnovak@larsonking.com

CARLOCK, COPELAND & STAIR, LLP
By:     /s/Mark D. Lefkow
        MARK D. LEFKOW
        Georgia Bar No. 004289
        (Pro Hac Vice Motion pending)
By:     /s/Jason H. Deere
        JASON H. DEERE
        Georgia Bar No. 594146
        (Pro Hac Vice Motion pending)
        **Attorneys for Plaintiff Clark Equipment**
        **Company**

191 Peachtree Street, N.E.
Suite 3600
Atlanta, Georgia 30303
Phone: (404) 522-8220

9

Fax: (404) 523-2345
Email: mlefkow@carlockcopeland.com
        jdeere@carlockcopeland.com

## VERIFICATION

The undersigned deposes and states, as an employee of Clark Equipment Company familiar with the facts alleged in the Complaint, deposes and states that the facts contained within the foregoing Complaint are true and correct.

Pursuant to 28 USC § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this, the _26_ day of ___June___, 2019.

Declarant
Name: Jennie Hedstrom
Title: Payroll Mangaer